The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: January 27 2012

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-33747 |
| | ) | |
| Donald Edward Loucks, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

**MEMORANDUM OF DECISION REGARDING MOTION TO AVOID JUDICIAL LIEN**

This case is before the court on the Debtor's Motion to Avoid Judicial Lien ("Motion") [Doc. # 12], and the opposition filed by Creditor Joanne M. Campbell ("Campbell") [Doc. # 17]. The court held a hearing on the Motion that Debtor's counsel and Campbell's counsel attended in person.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. The Motion is a core proceeding that this court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(K) and (O). For the reasons that follow, Debtor's Motion will be granted in part to the extent that the lien held by Campbell impairs Debtor's homestead exemption.

Debtor seeks to avoid a judicial lien in the amount of $31,844.51 obtained by Campbell against Debtor's interest in his residential real estate. According to Debtor, the lien impairs an exemption claimed by him on his amended Schedule C under Ohio Revised Code 2329.66(A)(1)(b) in the amount of

$21,625.00.[1] [Doc. # 24]. There is no dispute as to the amount of the lien or Debtor's entitlement to the exemption claimed on amended Schedule C. And the parties agree that the property is encumbered by first and second mortgages securing debt in the total amount of $44,582.62. They disagree, however, as to the value of the real estate.

Section 522(f) of the Bankruptcy Code provides in relevant part as follows:

(1) Notwithstanding any waiver of exemptions, . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is –
    (A) a judicial lien . . . .

11 U.S.C. § 522(f)(1). A lien is considered to impair an exemption to the extent that the sum of the lien, all other liens on the property, and the amount of the exemption that the debtor could claim if there were no liens on the property exceeds the value that the debtor's interest in the property would have in the absence of any liens. 11 U.S.C. § 522(f)(2). Thus, the value of Debtor's residential real estate is critical to the calculation required to determine the extent of any impairment of Debtor's homestead exemption. The appropriate time for determining the value of property subject to a lien that a debtor seeks to avoid is the date on which the petition was filed. *In re Oglesby*, 333 B.R. 788, 792 (Bankr. S.D. Ohio 2005) (citing *In re Hall,* 327 B.R. 424, 427-28 (Bankr. W.D. Mo. 2005)). As the party seeking to avoid the lien, Debtor bears the burden of proof by a preponderance of the evidence. *See In re Lee*, 249 B.R. 864, 867 (Bankr. N.D. Ohio 2000).

In this case, Debtor indicates on bankruptcy Schedule A that the value of the property on July 8, 2011, the date he filed his bankruptcy petition, is $71,000.00. [Doc. # 1, p. 7/43]. Campbell, on the other hand, offers data from the Sandusky County Auditor's website showing an appraised value on January 1, 2009, of $81,300.00. The parties agree that the court may consider these two valuations and ask the court to determine the value of the real estate based upon this evidence alone.

While a land owner's opinion of the value of his land is admissible evidence of value, *see, e.g. United States v. 329.73 Acres of Land.*, 666 F.2d 281, 284 (5th Cir.1982); *Rehkoph v. REMS, Inc.*, 40 Fed. Appx. 126, 130 n.2 (6th Cir. 2002), Debtor did not attend the hearing on the Motion and did not testify regarding, or otherwise indicate, the basis for his opinion. Without some explanation as to why he believes

---

[1] Debtor originally claimed exemptions applicable only to cemetery lots but, at the hearing on the Motion, agreed to amend his Schedule C. His amended Schedule C was filed on October 4, 2011.

2

the value of the property is as set forth on his Schedule A, the court gives little weight to Debtor's opinion. The court also notes that the Auditor's reappraisal occurred more than two years before Debtor's bankruptcy petition was filed. Nevertheless, keeping in mind that it is Debtor's burden to prove value, and because the parties ask the court to determine the value of the property based only upon the two valuations submitted, as between Debtor's Schedule A valuation and the official Auditor's appraisal, the court finds the Auditor's appraisal more persuasive. There is no indication that Debtor has contested the valuation, and it is used as of the date of filing the petition to determine Debtor's ongoing real property tax obligations. Accordingly, the court finds that the value of the real property at issue is $81,300.00.

Applying the formula set forth in § 522(f)(2) to the facts in this case, Debtor's exemption is impaired to the extent that the sum of all liens plus his exemption exceed the value of Debtor's property if there were no liens on the property:

```
Campbell's lien:                                  $31,844.51
1st and 2nd Mortgages:                             44,582.62
Exemption:                                         21,625.00
        Total                                     $98,052.13
Less the value of Debtor's unencumbered home:      81,300.00
        Impairment:                               $17,752.13
```

Thus, Campbell's judgment lien only impairs Debtor's homestead exemption to the extent of $17,752.13. Accordingly, Debtor's Motion will be granted, and Campbell's lien will be avoided, only to the extent of such impairment.

A separate order in accordance with this Memorandum of Decision will be entered.